*294 MEMORANDUM *
AFMS LLC (“AFMS”) appeals the grant of summary judgment in favor of Appellees United Parcel Service, Inc. (“UPS”) and FedEx Corporation (“FedEx”) on AFMS’ antitrust suit under § 1 of the Sherman Act, 15 U.S.C. § 1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Summary judgment in an antitrust case is appropriate where the plaintiff fails to define a cognizable market. See, e.g., Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd., 924 F.2d 1484, 1489 (9th Cir. 1991). AFMS proffers two market definitions: a market for “shipping consultation services” and a market for “rate negotiation.” AFMS has attempted to construct markets that include solely itself, other third party rate consultants, UPS, and FedEx. They cannot, however, explain their exclusion of in-house shipping advisors, the U.S. Postal Service, regional carriers, or other types of shipping consultants. Further, it is highly questionable whether UPS and FedEx are participants in the market for “rate negotiation.”[1] To establish antitrust standing, an antitrust-plaintiff must participate in “the same market as the alleged malefactors.” Amarel v. Connell, 102 F.3d 1494, 1508 (9th Cir. 1996) (quoting Bhan v. NME Hosps., Inc., 772 F.2d 1467, 1470 (9th Cir. 1985)).
AFMS has failed to define a cognizable market or to show that both it and Appel-lees are participants in that market.
The district court’s grant of summary judgment is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. It seems highly implausible that a shipping company, such as UPS or FedEx, could "negotiate” with itself about the rates it would charge shippers.